# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | Civil Action No. 13 - 483 |
| Plaintiff, | ) ) | Judge Terrence F. McVerry |
| v. | ) ) ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| SANDRA ALLEN, | ) ) | ECF No. 11 |
| Defendant. | ) ) ) | |

## AMENDED REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion to Remand (ECF No. 11) be granted and this matter be remanded to the Court of Common Pleas of Washington County, Pennsylvania, forthwith. In addition, the Court recommends that Plaintiff's request for an award of costs pursuant to 28 U.S.C. §1447(c) be denied.

### II. REPORT

Currently pending before the Court is a Motion to Remand (ECF No. 11) filed by Plaintiff, Federal National Mortgage Association ("FNMA"). Defendant, Sandra Allen, is proceeding pro se and was directed to file a response to the motion on or before June 26, 2013. Allen had not responded to the motion to remand as of July 5, 2013, and a Report and Recommendation (ECF No. 13) was issued recommending that the motion to remand be granted and this matter remanded to state court forthwith. The undersigned further recommended that Plaintiff's request for an award of costs pursuant to 28 U.S.C. §1447(c) be denied. Defendant

was instructed that she had until July 22, 2013 to file objections to the Report and Recommendation. On July 24, 2013, the Clerk of Court received and docketed Defendant's Opposition to Plaintiff's Motion to Remand Case to State Court (ECF No. 15) ("Defendant's Opposition"). In light of Defendant's pro se status, the undersigned will give proper consideration to Defendant's Opposition, even though untimely, thus necessitating the issuance of this Amended Report and Recommendation.[1]

### A. Procedural History

FNMA instituted this lawsuit against Allen by filing a civil action in ejection in the Court of Common Pleas of Washington County, Pennsylvania, on March 11, 2013 (the "Complaint") (ECF No. 1-2). The Complaint was filed after counsel for FNMA sent a notice to Allen that it had become the owner of real property previously owned by her as a result of a foreclosure sale on 12/7/12 and requested that she vacate the premises. (Exs. A & B to Compl., ECF No. 1-2 at 4-8 & 10-13.) On April 2, 2013, Allen filed a Notice of Removal, thereby removing the ejectment action from the court of common pleas to federal court based on 28 U.S.C. §1441. In support, Allen predicated removal jurisdiction upon 28 U.S.C. §1331, because her "claims arise under the laws of the United States." Notice of Removal, ECF No. 1 at 3. Allen also asserted that this Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1367(a). (*Id.*)

---

[1] Preliminarily, FNMA argues that the Court should strike and disregard Allen's untimely opposition to the motion to remand. Although FNMA's argument is well-taken, the Court notes that in light of Allen's pro se status, and the fact that her opposition brief was filed only two days after the deadline for filing objections to the Report and Recommendation, the Court will give Allen the benefit of the doubt and will not conclude at this early stage that her conduct was dilatory. However, Allen is cautioned that despite her pro se status, she is required to comply with all court orders and deadlines, and if unable to do so, must file a motion to request appropriate relief before the expiration of the deadline.

On June 5, 2013, FNMA filed a motion to remand, arguing that this Court does not have subject matter jurisdiction over this action because FNMA's claim involves only state law and no federal question is presented. Allen filed an untimely response in opposition on July 24, 2013, to which FNMA filed a Reply on August 16, 2013.

**B.     Legal Standard – Removal & Motion To Rmand**

Section 1441 of Title 28, United States Code, governs the removal of a case to federal court. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005). Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Sikirica,* 416 F.3d at 219 (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)).

**C.     Discussion**

In removal cases, the existence of federal court jurisdiction is usually determined under the well-pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-13 (1936)). The well-pleaded complaint rule "makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the

claim on only state law." *Scott v. Sysco Food Serv. of Metro N.Y., L.L.C.,* Civ. A. No. 07-3656 (SRC), 2007 WL 3170121, *2 (D.N.J. Oct. 26, 2007)(citing *Caterpillar,* 482 U.S. at 392 (other citation omitted)). "Under the well-pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." *In re Community Bank of N. Va.,* 418 F.3d 277, 293 (3d Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10-12 (1983); *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149 (1908)). Moreover, the United States Supreme Court has made clear that for purposes of determining removal jurisdiction under the "well-pleaded complaint rule," federal jurisdiction is determined without any reference to federal claims raised in an answer/defenses to the complaint. *Caterpillar,* 482 U.S. at 393 (It is well settled "that a case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (citing *Franchise Tax Bd.,* 463 U.S. at 12)). *See also Krashna v. Oliver Realty, Inc.,* 895 F.2d 111, 113 (3d Cir. 1990) (citing *Caterpillar,* 482 U.S. at 393).

In the instant matter, a review of the Complaint makes clear that no federal question is stated therein, but alleges only an action in ejectment which is entirely a state law claim. In her Notice of Removal, Allen asserts that this action "involv[es FNMA's] attempt to deprive [her] of her property without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution, for damages under the Truth In Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act . . . with respect to the origination, the underwriting, and the servicing of [her] loan." Notice of Removal, ECF No. 1 at 2. However, as FNMA correctly points out, these potential defenses challenge the prior foreclosure action, not

the ejectment action. More importantly for purposes of the motion to remand, Allen is stating potential *defenses* to the ejectment action, but the law is clear that subject matter jurisdiction in removed actions cannot be based on defenses to a complaint. As Allen has relied solely upon these defenses to establish this Court's subject matter jurisdiction, she has failed to satisfy her burden of establishing this Court's subject matter jurisdiction.

In opposing the motion to remand, Allen argues initially that this Court has subject matter jurisdiction because FNMA is a government sponsored entity and federal courts have original jurisdiction over claims involving such entities. In support, Allen cites *Federal Home Loan Mortgage Corp. v. Lunsford,* No. 4:13-cv-0005, 2013 U.S. Dist. LEXIS 20433 (M.D.Ga. Feb. 15, 2013). In *Lunsford,* the district court granted a motion for reconsideration of its order remanding the case to state court based on the decision in *Federal Home Loan Mortgage Corp. v. Matassino,* 911 F.Supp. 2d 1276 (N.D. Ga. 2012). In reply, FNMA argues that both *Lunsford* and *Matassino* are inapposite and have no precedential value. The Court agrees with FNMA.

In *Matassino,* the defendant removed a state court dispossessory proceeding filed by Federal Home Loan Mortgage Corp., better known as "Freddie Mac," to federal court. In denying Freddie Mac's motion for reconsideration of the court's denial of Freddie Mac's motion to remand, the district court noted that the charter of Freddie Mac is codified in the United States Code at 12 U.S.C. §1452(f), which provides, in relevant part:

> "Notwithstanding . . . any other provision of law, (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28; (2) (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a

party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security . . ..."

911 F.Supp. 2d at 1278 (quoting 28 U.S.C. §1452(f)). Based on the quoted language from Section 1452(f), the district court in *Matassino* found that it had original and removal jurisdiction over a civil action to which Freddie Mac is a party. *Id.*

As FNMA points out in its reply brief, *Matassino* is distinguishable from the case at bar as the Plaintiff here—Federal National Mortgage Association, also known as "Freddie Mae"—is not the same entity as the plaintiff in *Matassino*—Freddie Mac. Thus, FNMA or Freddie Mae was not established by the same statutory charter as Freddie Mac, and therefore, the statutory language—Section 1452(f)—upon which the district court in *Matassino* predicated its determination that jurisdiction existed, is not applicable to FNMA.

Next, Allen argues that FNMA has ignored the complete preemption doctrine articulated by the Supreme Court in *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 65 (1987), which stands for the proposition that "[a]n exception to the general rule exists, however, when the preemptive force of a statute is so strong that it 'completely preempts' an area of state law." Allen contends that the Protecting Tenants at Foreclosure Act of 2009[2] was intended to

---

[2] Congress enacted the Protecting Tenants at Foreclosure Act of 2009, Pub. L. 111-22, §§701-704, 123 Stat. 1632, 1660-62 (2009), codified at 12 U.S.C. §5220, Note ("PTFA"), as part of the Emergency Economic Stabilization Act, 123 Stat. 1632, codified in 12 U.S.C. §§5201 *et seq.,* in order to protect tenants who live in foreclosed residential rental properties from being abruptly evicted from their homes. 65 A.L.R. Fed. 2d 217, §2 (2012). Under the PTFA, qualifying residential tenants must be given at least 90 days' notice to vacate or allowed to remain in their residences for the remainder of their lease terms, depending on their circumstances. *Id.* Of particular relevance to Defendant's argument is the provision in the PFTA which expressly states that it does not "affect the requirements for termination . . . of any State or local law that provides longer time periods or other additional protections for tenants." PTFA §702(a), 12 U.S.C. §5220, Note §(a). Thus, the express language of the statute suggests that Congress did not intend for the PTFA to be the exclusive remedy in ejectment actions. *See PNC Bank, N.A. v. Branch,* No. CV 11-596-PHX-JAT, 2011 WL 2981806, at *1 (D. Ariz. July 22, 2011) (noting

completely preempt state regulations regarding eviction and "unlawful detainer." Allen submits that FNMA concedes that the subject matter of this litigation is a landlord-tenant dispute, and that the Complaint establishes that FNMA failed to comply with the PTFA prior to commencing this action for eviction.

FNMA replies that it has not conceded, and will not concede, that this case presents a landlord/tenant issue, and Allen fails to provide any citation to the purported concession. Rather, FNMA submits it has consistently maintained that this case is an ejectment action following foreclosure on Allen's—the borrower's—property. Even if this case involved a landlord/tenant dispute, FNMA submits that the PTFA is not applicable here where the mortgagor is the tenant. The Court agrees with FNMA that the PTFA is not applicable here.

An independent corollary to the well-pleaded complaint rule is the complete preemption doctrine. *In re Community Bank of N. Va.*, 418 F.3d 277, 293-94 (3d Cir. 2005) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). As the Supreme Court explained in *Caterpillar*:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *See Franchise Tax Bd.,* 463 U.S. at 24.

482 U.S. at 393 (footnote omitted). Thus, the "[c]omplete preemption doctrine applies where the federal statute at issue provides the exclusive cause of action for the claim asserted and also sets

---

that the PTFA expressly allows state remedies that are more favorable than the remedies under the PTFA).

forth procedures and remedies governing that cause of action." *Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs,* 215 F. App'x 80, 82 (3d Cir. 2006)(citing *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003)). The Supreme Court has recognized such an exception with regard to claims under Section 301 of the Labor Management Act of 1947, 29 U.S.C. §185 (*Avco Corp. v. Machinists,* 390 U.S. 557, 560 (1968) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 23-24 (1983)), and ERISA, 29 U.S.C. §1001 *et seq.* (*Metropolitan Life,* 481 U.S. 65-66). More recently, the Supreme Court held removal based on complete preemption was warranted in a state court action against a national bank for usury, because it determined that Sections 85 and 86 of the National Bank Act provide the exclusive remedy in actions against national banks for usury, and therefore, superseded both the substantive and remedial provisions of state usury laws. *Anderson*, 539 U.S. at 7-8.

Neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has yet to rule on whether the PTFA completely preempts statue common law ejectment actions. However, the Court need not decide that question because the Court finds that Allen cannot rely on the PTFA as a defense to the ejectment action in the first instance.

The PTFA only applies to a "bona fide" tenant, which is defined, inter alia, as a tenant who is not "the mortgagor or the child, spouse, or parent of the mortgagor under the contract[.]" PTFA §702(b)(1), 12 U.S.C. §5220, Note §(b)(1).[3] It appears from the Complaint and attached Exhibits A (Sheriff's Deed) and B (Letters to Tenants of the subject residential rental property), that Allen was the owner and mortgagor of the residential rental property as well as a tenant of

---

[3] The other requirements for a bona fide tenant, not pertinent here, are that the lease or tenancy be the result of an arms-length transaction and that the tenant pay rent that is not substantially less than fair market rent taking into account any adjustments due to government subsidies. PTFA §702(b)(2) & (3), 12 U.S.C. §5220, Note §(b)(2) & (3).

that property. *See* ECF No. 1-2. Accordingly, she does not satisfy the definition of a bona fide tenant, and therefore, the PTFA is not applicable to her. *Nott v. Bunson,* Civ. A. No. WMN-09-2613, 2009 WL 3271285, at *1 (D.Md. Oct. 9, 2009) (tenant who had also been mortgagor of foreclosed-upon mortgage was not a bona fide tenant under the PFTA); *Harper v. JP Morgan Chase Bank, N.A.,* 699 S.E.2d 854, 856-57 (Ga. Ct. App. 2010) (tenant who was wife of mortgagor of foreclosed-upon mortgage was not a bond fide tenant under the PTFA). As such, the Court does not reach Allen's argument that the PFTA was intended to completely preempt state regulations regarding eviction and "unlawful detainer," since she cannot make the prerequisite showing that the PTFA is applicable here.

Accordingly, Allen has failed to establish any basis for predicating removal jurisdiction upon federal question jurisdiction, 28 U.S.C. §1331.

Moreover, Allen has not alleged any facts in her Notice of Removal to support predicating this Court's subject matter jurisdiction upon diversity of citizenship under 28 U.S.C. §1332. Even if she could establish complete diversity, she would still be precluded from basing removal jurisdiction on Section 1332, because a defendant who is a resident of the forum state cannot remove a state court action to federal court sitting in that forum. 28 U.S.C. §1441(b)(2). *See also Lucier v. SmithKline Beecham Corp.,* ___ F.3d ___, 2013 WL 2456043, at *6 n. 11 (3d Cir. June 7, 2013) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005); 28 U.S.C. §1441(b)(2)). It appears from both the Complaint as well as the Notice of Removal that Allen's residence is in Washington, Pennsylvania, and thus, she is a citizen of the forum state. Therefore, she cannot remove the ejectment action to federal court based on Section 1332.

Inasmuch as Allen has failed to demonstrate a proper jurisdictional ground for removal of this action, the Court finds that it lacks subject matter jurisdiction over this case. Accordingly, the Court recommends that FNMA's Motion to Remand be granted.[4]

### FNMA's Request for an Award of Costs

FNMA has also requested an award of costs under 28 U.S.C. §1447(c) if the Court finds that such an award is just and proper. FNMA has not provided an argument or authority in support of this argument. Section 1447(c) vests the courts with broad discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" where remand is ordered. 28 U.S.C. § 1447(c); *Mint v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted). The standard for awarding costs and fees when remand is ordered is the existence of an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Although it appears that Allen lacked an objectively reasonable basis for removing this action to federal court, she is proceeding pro se, and FNMA has not provided any argument or supporting documentation to show that Allen was aware of this standard. Thus, the Court finds that an award of costs and fees would not be proper under these circumstances. Accordingly, the Court recommends that FNMA's request for an award of costs be denied.

---

[4] Because there are no federal claims stated in the Complaint, the Court cannot exercise supplemental jurisdiction over any state law claims asserted therein. 28 U.S.C. §1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.") It is well established that supplemental jurisdiction over state law claims does not provide an independent basis for removal jurisdiction. *Ditullio v. Universal Underwriters Ins. Co.,* Civ. A. No. 03-0239, 2003 WL 21973324, *5 (E.D.Pa. June 6, 2003) (citing *Henson v. Ciba-Geigy Corp.,* 261 F.3d 1065, 1068 n. 3 (11th Cir. 2001); *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 456 (6th Cir. 1996); *In re Estate of Tabas,* 879 F.Supp. 464, 467 (E.D.Pa. 1995); Charles A. Wright, *et al., Federal Practice & Procedure* §3722, at 385 n. 7 (3d ed. 1998 & Supp. 2003)).

### D. Conclusion

For the foregoing reasons, the Court respectfully recommends that Plaintiff's Motion to Remand (ECF No. 11) be granted and this matter be remanded to the Court of Common Pleas of Washington County, Pennsylvania, forthwith. In addition, the Court recommends that Plaintiff's request for an award of costs pursuant to 28 U.S.C. §1447(c) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 20, 2013                    BY THE COURT:

                                          _____
                                          LISA PUPO LENIHAN
                                          Chief United States Magistrate Judge

cc:    All Counsel of Record
       *Via Electronic Mail*

       Sandra Allen
       122 Church Street
       Washington, PA  15301
       *Via First Class Mail*